**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4934**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JEROME MICHALE MASON,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:12-cr-00105-WO-1)

─────────

Submitted:  November 13, 2013        Decided:  November 26, 2013

─────────

Before MOTZ, AGEE, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Sarah Jessica Farber, FARBER LAW FIRM, PLLC, Raleigh, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Sandra  J.  Hairston,  Assistant  United  States  Attorney,
Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Michale Mason appeals the district court's judgment sentencing him to 151 months' imprisonment for conspiracy to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). On appeal, Mason argues that the district court improperly applied advisory Guidelines enhancements that were not alleged in the indictment. We affirm.

Mason pleaded guilty, pursuant to a written plea agreement, in May 2012. In the presentence report ("PSR"), the probation officer recommended two sentencing enhancements now at issue in this appeal, a two-level increase for possessing a dangerous weapon and a two-level increase for maintaining a premises for the purpose of distributing cocaine base. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1), (b)(12) (2011). Mason objected to these enhancements, arguing that the facts alleged in the PSR did not support either enhancement. The district court overruled Mason's objections and sentenced him to 151 months' imprisonment.

On appeal, Mason argues that the application of both enhancements violates his Sixth Amendment right to a trial by jury as articulated in Alleyne v. United States, 133 S. Ct. 2151 (2013). He contends that any fact that increases the applicable advisory Guidelines range must be alleged in the indictment and

2

proved beyond a reasonable doubt, because the Guidelines form the essential starting point for federal sentencing. The Government asserts that Alleyne is inapplicable because the enhancements did not affect Mason's statutory mandatory minimum sentence.

Although Mason objected to the application of these enhancements at sentencing, he argued only that the factual foundation was lacking, not that the enhancements violated his constitutional rights. Therefore, our review is for plain error. Under the plain-error standard, a defendant "must establish that the district court erred, that the error was plain, and that it affected his substantial rights." United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010) (internal quotation marks and alterations omitted) (citing United States v. Olano, 507 U.S. 725, 734 (1993)). And even if a defendant meets this heavy burden, an appellate court has "discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010) (internal quotation marks omitted). Here, the district court did not commit error – much less plain error – and we therefore affirm its application of the sentencing enhancements.

In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element that must be charged in the indictment and proved beyond a reasonable doubt. 133 S. Ct. 2151, 2155, 2162-63 (2013). The Court cautioned that its holding did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment. Id. at 2163. The sentencing enhancements Mason challenges affect only the advisory Guidelines calculations and not the statutory mandatory minimum punishment. See USSG § 2D1.1(b)(1), (b)(12) (2011). Therefore, the district court did not err in applying these enhancements.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

4